IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| MARIE ASSA'AD-FALTAS, MD, MPH, FOR HERSELF AND FOR ALL SIMILARLY SITUATED PERSONS,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF COLUMBIA,<br><br>Defendant. | Civil Action No. 3:10-3014-TLW-JRM<br><br>ORDER<br>AND<br>REPORT AND RECOMMENDATION |

The pro se Plaintiff filed this action on November 22, 2010. The undersigned recommended that this action be dismissed on December 10, 2010. On April 22, 2011, the Honorable Terry L. Wooten, United States District Judge, accepted the report and recommendation and dismissed the case without prejudice as to all defendants except the City of Columbia ("the City"). The case was remanded to the undersigned to consider whether service of process should issue as to the City. The undersigned authorized service of process as to Defendant the City on May 11, 2011. Defendant filed a motion to dismiss on June 1, 2011. Plaintiff, because she is proceeding pro se, was advised on June 2, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in the dismissal of her complaint. Plaintiff filed a response on June 17, 2011.

**MOTION TO DISMISS**

Plaintiff requests habeas, declaratory, and injunctive relief. This action arises out of a parking ticket Plaintiff received on November 3, 2010, when she was parked in a "no parking zone" in the area between handicapped spaces near the Richland County Judicial Center. In her complaint, the



only claims Plaintiff appears to have alleged against the City is that it issues parking tickets in the parking lot of the Richland County Judicial Center, which Plaintiff claims is land belonging to Richland County (not the City), and to challenge or appeal such a parking ticket, she subjects herself to a higher monetary fine and/or possible incarceration (instead of the original $15 fine for the parking ticket).

Defendant contends that its motion to dismiss should be granted because: (1) the complaint and petition fail to state a claim upon which relief can be granted (see Fed. R. Civ. P. 12(b)(6)); (2) Plaintiff failed to serve this action upon and/or join all necessary and indispensable parties such that she cannot challenge the constitutionality of the statutes cited by her in this action (see Fed. R. Civ. P. 12(b)(7) and 24); (3) she is not in custody within the meaning of the law such that no habeas corpus relief is available to her; (4) her remedies are limited to direct appeals for the claims she attempts to raise and are not subject to collateral attack by way of a habeas corpus action; (5) her claims are barred by the Rooker-Feldman doctrine; and (6) she may not maintain a class action suit as she is pro se and does not have standing to bring suit on behalf of others.[1]

1. Standard of Review

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S.

---

[1]To the extent that Plaintiff is attempting to assert claims on behalf of others, she cannot do so as she is proceeding pro se. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action).

2



319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." Id.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice

3



if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

    2.    Discussion

In asking for relief, the Plaintiff appears to be asking this Court to overturn a decision by a municipal court that has already been made or is asking this Court to interfere with an ongoing criminal case. In either case, this Court has no jurisdiction over such matters.

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Cas.Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v.General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). To the extent that Plaintiff is asking this Court to overturn decisions of the municipal court, Plaintiff has made no argument that this Court has appellate jurisdiction over municipal court decisions.

Additionally, "[i]n Younger [v. Harris, 401 U.S. 37 (1971)], the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. "In Younger and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing



state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Younger abstention doctrine applies to municipal courts as well as "state" courts such as the South Carolina circuit courts. See Ellis v. Dyson, 421 U.S. 426 (1975); Moore v. City of Asheville, N.C., 396 F.3d 385 (4th Cir. 2005). Therefore, to the extent that Plaintiff is asking this Court to do so, this Court must abstain from interfering in any ongoing litigation Plaintiff may have with the City.

To the extent that Plaintiff is challenging the results of any of the state or municipal court actions, this Court lacks jurisdiction over her claims under the Rooker-Feldman doctrine. Where a plaintiff seeks review and reversal of a state court judgment in a federal district court, the claim is barred by the Rooker-Feldman doctrine; only the United States Supreme Court may review state-court decisions. See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the Rooker-Feldman doctrine was limited by Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)).

As to Plaintiff's characterization of this case as one for habeas relief, the use of this label is unavailing. This civil action is not maintainable as a habeas corpus action because the plaintiff is not "in custody." An individual must be "in custody" in order to be eligible for federal habeas corpus relief. See 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, Carafas v. La Vallee, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. Id.; see also Garlotte v. Fordice, 515 U.S. 39 (1995).



In addition to injunctive relief, Plaintiff may be asking that this Court "declare" that various actions taken by Defendant violated Plaintiff's federal constitutional rights. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." Johnson v. McCuskey, 72 F. App'x. 475, 477 (7th Cir. 2003) (citing Bontkowski v. Smith, 305 F.3d 757, 761 (7th Cir.2002). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." Id. (citing Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Thus, to the extent Plaintiff seeks a declaration that the City's past behavior constituted a violation of her rights, Plaintiff is not entitled to such relief.

A city may be sued in federal court under 42 U.S.C. § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978). Defendant cannot be held liable just because the persons who allegedly violated Plaintiff's rights worked for Defendant, as there is no governmental liability under § 1983 based upon the doctrine of respondeat superior, nor may a governmental entity be held liable under § 1983 merely because it employs a tortfeasor. Monell, 436 U.S. at 691-692. Rather, a city may only be liable for damages when the execution of the city's policy or custom results in an alleged injury. Id. at 694; Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), cert. denied, 484 U.S. 1027 (1988).

Plaintiff may be arguing that Defendant has violated her constitutional rights by enforcing Section 1-5 of the City of Columbia Municipal Code as to the appeal of her parking ticket. This section provides, in relevant part:

6



(a) Wherever in the Code, or in any ordinance or resolution of the city, or rule or regulation or order promulgated by any officer or agency of the city under authority duly vested in him or it, any act is prohibited or is declared to be unlawful or an offense or misdemeanor, or the doing of any act is required, or the failure to do any act is declared to be unlawful or an offense or misdemeanor, and **no specific penalty is provided for the violation thereof, the violation of any such provision of the code or any such ordinance, resolution, rule, regulation or order shall be punished by a fine of not more than $500.00 or by imprisonment for not more than 30 days, or both**.

*****

(c) Any person or entity who violates any provision of the Code or any code adopted pursuant to this Code, excluding any provision regulating the use of motor vehicles on public roads, may be issued a uniform ordinance summons in a form prescribed by South Carolina Code Ann. Section 56-7-80. Issuance of the uniform ordinance summons shall vest jurisdiction in the municipal court to hear and dispose of the charge for which the uniform ordinance summons was issued and served. The uniform ordinance summons may be issued by any city law enforcement officer or any other city official or employee designated by the city manager as a code enforcement officer. The amount of the bond prescribed by the municipal judge for the offense and the procedure for posting the bond shall be noted on the uniform ordinance summons. City law enforcement officers or code enforcement officers are prohibited from accepting bonds. The uniform ordinance summons shall not be used to perform a custodial arrest. **The uniform ordinance summons shall contain a notice that failure to appear before the court without having posted bond or without having been granted a continuance is a misdemeanor punishable by a fine up to $500.00 or imprisonment for up to 30 days, or both.**

City of Columbia Municipal Code, § 1-5 (emphasis added).[2]  Thus, the cited section of the City's Code allows the higher penalty cited by Plaintiff only where no specific penalty is provided for the violation.  The other provision concerns a separate misdemeanor offense for the failure to appear before the court without posting a bond or being granted a continuance.  South Carolina law allows

---

[2]Available at http://library.municode.com/index.aspx?clientId=13167.



a municipal governing body to "fix fines and penalties for the violation of municipal ordinances and regulations not exceeding five hundred dollars or imprisonment not exceeding thirty days, or both." S.C. Code Ann. § 5-7-30. Plaintiff fails to state a plausible claim that these procedures violate her constitutional rights. Further, this claim appears to be moot, as Plaintiff now admits she has paid the bond on her ticket. See Doc. 59.

Plaintiff argues that the City is issuing parking tickets on land belonging to Richland County. She, however, fails to state a plausible claim as she has not pointed to any policy of the City to do so.[3] Based upon the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 46) be granted as this Court lacks jurisdiction as to Plaintiff's claims and/or she has failed to state a claim for relief that is plausible on its face.

### MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

On July 21, 2011, Plaintiff filed a motion for judgment in her favor on the pleadings or summary judgment in her favor. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

---

[3]Further, she has not alleged that the land is not under the jurisdiction of the City of Columbia Police Department. The City Code provides:
> In the construction of this Code and of all ordinances of the city, **all acts prohibited or punishable under this Code or under any particular ordinance, unless a contrary intent appears, shall be construed to refer to such acts when committed or occurring within the limits of the city or in other places over which the municipal court and city police have authority or jurisdiction under the laws of the state**, even though the Code or the particular ordinance only provides that such acts shall be prohibited or punishable and shall not specifically designate the jurisdiction or scope thereof.

City of Columbia Municipal Code § 1-4 (emphasis added).



The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).

As it is recommended that the City's motion to dismiss be granted, it is recommended that Plaintiff's motion for judgment on the pleadings/summary judgment (Doc. 51) be denied as moot. Alternatively, Plaintiff's motion should be denied because she has not shown, in the light most favorable to Defendant,[4] that she is entitled to judgment as a matter of law.

## MOTION TO SEAL

On August 30, 2011, Plaintiff filed a motion to submit un-redacted copies of exhibits with the Court. She earlier filed readacted copies of the exhibits in order to comply with Fed. R. Civ. P. 5.2 (Privacy Protection or Filings Made With the Court). Plaintiff's motion to seal (Doc. 54) is granted.

## MOTION FOR SUBPOENA

On December 22, 2011, Plaintiff filed a motion for leave to subpoena all surveillance videos of a Bank of America branch in Columbia in support of her motions for injunctions prohibiting the City from prosecuting her and conspiring against her. Plaintiff's requests appear to not be related to the claims that remain in this action. Additionally, if Defendant's motion to dismiss is granted, it appears Plaintiff's motion will be moot. Thus, it is recommended that Plaintiff's motion for leave to subpoena (Doc. 58) be denied.

---

[4]Plaintiff's motion is based on her version of the facts, not the version of the facts in the light most favorable to the City as the non-moving party.

9



**MOTION FOR HABEAS RELIEF**

On January 10, 2012, Plaintiff filed a motion for "habeas relief." She contends that she is in need of such relief because she claims she paid her parking ticket over a year ago, the City of Columbia scheduled a mandatory roster meeting under penalty of trial in absentia, the meter reader did not show for the meeting, and the City refused to dismiss that charge. She states that a City police officer tried to give her a sliver of paper with a supposed trial date of January 30, 2012, which is inconsistent with the January 16, 2012 trial date for which she received notices. Plaintiff also states that "[t]he same applies to the other cases which are over a year old." She "seeks federal habeas as the City has no ability or intention to try her but wants to wear her down with indefinite delays."

It is recommended that Plaintiff's motion (Doc. 59) be denied. As discussed above, she failed to show that she was "in custody" at the time she filed this action. Further, this motion appears to be moot, as she filed an identical motion in another one of her cases, and the motion was denied in that case by Judge Wooten. See Civil Action 3:11-cv-3079-TLW-SVH, Doc. 23.

**MOTIONS FOR TEMPORARY RESTRAINING ORDERS/PRELIMINARY INJUNCTIONS**

On May 10, 2011, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction asking that this Court issue any order staying a hearing scheduled in the City of Columbia Municipal Court. On December 20, 2011, Plaintiff filed a motion for an injunction prohibiting the City of Columbia and its employees from taking any prosecutorial action against her and conspiring against her. On December 22, 2011, Plaintiff filed a similar motion for a preliminary injunction as the one filed on December 20, 2011.



Plaintiff's motions appear to be motions for preliminary injunctions. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) she is likely to succeed on the merits at trial; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that she is likely to succeed on the merits of her claim. Id. at 376. Similarly, the plaintiff must make a clear showing that she is likely to be irreparably harmed absent injunctive relief. Id. at 374–76.

Plaintiff fails to meet the requirements under Winter. She has not shown that she is likely to succeed on the merits at trial, as discussed above, and she is unlikely to suffer irreparable harm in the absence of preliminary relief. She has not addressed or shown that the balance of equities tips in her favor or that an injunction is in the public interest. Further, Plaintiff filed identical motions to her May 10, 2011 motion in three of her other cases. These motions have all been denied by Judge Wooten in those other cases such that this motion appears to be moot. See Civil Action Nos. 3:10-cv-3294-TLW, Doc. 52; 3:11-cv-278-TLW, Doc. 33; and 3:11-cv-809-TLW, Doc. 45. Thus, it is recommended that Plaintiff's motions for TROs and/or preliminary injunctions (Docs. 45, 56, and 57) be denied.

## CONCLUSION

Therefore, **IT IS ORDERED** that Plaintiff's motion to seal (Doc. 54) is **granted**. It is recommended that Defendant's motion to dismiss (Doc. 46) be **granted**. It is further recommended

11



that Plaintiff's motions for a TRO (Doc. 45); for judgment on the pleadings and/or summary judgment (Doc. 51); for preliminary injunctions (Docs. 56 and 57); for subpoena (Doc. 58); and for habeas relief (Doc. 59) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

February 28, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).